Among the numerous cases announcing the same rule are Texas Co. v. Stephens, 100 Tex. 638, 103 S. W. 481; Schaff v. Mason, 111 Tex. 389, 235 S. W. 520; Holland v. Nimitz, 111 Tex. 432, 232 S. W. 298, 239 S. W. 185.

We therefore express no opinion as to whether defendant in error could have been held liable under the first section of the 1913 act as construed by this court, but, finding no merit in the sole assignment presented by plaintiffs in error, the judgment of the Court of Civil Appeals must be affirmed. It is so ordered.

---

### HAUGEN et al. v. JOHNSON et al.
#### (Application No. 14668.)

(Supreme Court of Texas.   May 12, 1926.)

On Application for Writ of Error to Court of Civil Appeals, First Supreme Judicial District. Dismissed.

For opinion below, see 282 S. W. 1115.

Rose & Sample, of Edna, for applicants.

PER CURIAM. The judgment of the trial court was correctly affirmed, regardless of whether the testimony of C. A. Johnson was prohibited by article 3690 of the Revised Statutes 1911.

The application for writ of error will therefore be dismissed for want of jurisdiction.